
FILED
DEC - 3 2014
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DANTE M. WILSON,

    Petitioner,

v.                                         Civil Action No. **3:13CV619**

S.K. YOUNG,

    Respondent.

## REPORT AND RECOMMENDATION

Dante M. Wilson, a Virginia inmate proceeding *pro se*, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254 (hereinafter "§ 2254 Petition") (ECF No. 1) challenging his convictions in the Circuit Court of the City of Portsmouth, Virginia ("Circuit Court") for rape and two counts of forcible sodomy. The matter is before the Court for Report and Recommendation pursuant to 28 U.S.C. § 636(b).

Wilson contends that he failed to receive the effective assistance of counsel[1] at his trial. Specifically, Wilson demands relief upon the following grounds:

Claim One:    "Counsel failed to call a medical expert. [Counsel failed to] present, review, or challenge the medical evidence of [the] alleged victim." (§ 2254 Pet. 5.)[2]

Claim Two:    "Counsel's failure to call a medical expert to review and challenge the medical evidence of penetration could not have [been] a reasonable strategic choice." (*Id.* at 6.)

---

[1] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

[2] The Court corrects the capitalization and punctuation in the quotations to Wilson's submissions. The Court employs the pagination assigned to Wilson's submissions by the Court's CM/ECF docketing system.

| | |
|---|---|
| Claim Three: | "Counsel failed to present medical evidence that she had in her possession in violation of [the] Confrontation Clause and due process right [sic]." (*Id.* at 8.) |
| Claim Four: | "Counsel failed to show that the evidence was insufficient to support the charge based upon the expert medical report." (*Id.* at 10.) |
| Claim Five: | "Counsel failed to pursue every avenue of investigation open to her in not presenting the Certificate of Analysis, and her decision not to do so denied Petitioner the [right to] counsel guaranteed him by the Sixth Amendment." (*Id.* at 12.) |

Respondent moves to dismiss on the grounds that Wilson's claims lack merit.[3]

For the reasons set forth below, it is RECOMMENDED that the Motion to Dismiss (ECF No. 15) be GRANTED and the action be DISMISSED.

## A. Procedural History

Following a bench trial, the Circuit Court convicted Wilson of rape and two counts of forcible sodomy.[4] (Feb. 1, 2011 Tr. 97-98.) Wilson appealed his convictions. In

---

[3] Respondent concedes that Wilson satisfied the exhaustion requirement by raising each of his present claims to the Supreme Court of Virginia on state habeas. (Mem. Supp. Mot. Dismiss 2, ECF No. 16 (citation omitted).)

[4] The pertinent Virginia statute for rape provided:

> If any person has sexual intercourse with a complaining witness, whether or not his or her spouse, or causes a complaining witness, whether or not his or her spouse, to engage in sexual intercourse with any other person and such act is accomplished ... with a child under age 13 as the victim, he or she shall be guilty of rape.

Va. Code Ann. § 18.2-61(A) (West 2008).

The pertinent statute for forcible sodomy provided:

> A. An accused shall be guilty of forcible sodomy if he or she engages in cunnilingus, fellatio, analingus, or anal intercourse with a complaining witness whether or not his or her spouse, or causes a complaining witness, whether or not his or her spouse, to engage in such acts with any other person, and

2

rejecting Wilson's contention that insufficient evidence existed to support his convictions, the Court of Appeals of Virginia aptly summarized the evidence of Wilson's guilt as follows:

> At trial, the victim described one act of rape and two acts of forcible sodomy that she alleged appellant committed about three to four years earlier, when she was eleven or twelve years old.[5] On appeal, appellant argues that the victim's testimony was insufficient to convict him of these offenses beyond a reasonable doubt because there was no physical evidence of rape and forcible sodomy. Furthermore, he claims that the time frame of the charged offenses (the events took place three or four years prior to trial) and the lack of specificity of some aspects of the victim's testimony (the victim could not recall the specific dates on which she was sexually assaulted) made producing an alibi defense almost impossible even though appellant presented evidence that he was very busy during the time frame in question.
>
> . . . .
>
> The trial court, acting as the finder of fact, accepted the victim's testimony that appellant committed the offenses she described, even if the victim could not remember exactly when those offenses occurred. . . .
>
> Furthermore, in this case, the victim's testimony that appellant raped her and forcibly sodomized her was corroborated by the testimony of Detective Al Manning. According to Detective Manning, when appellant was informed that he was being arrested for the rape and forcible sodomy of the victim, appellant stated, "I stopped messing with her when I started messing with you"—referring to a young lady on the porch who was not the victim. Appellant contends that this was a vague statement and was not an admission that he committed sexual offenses against the victim. However, viewing the evidence in the light most favorable to the Commonwealth, "as we must since it was the prevailing party in the trial court," *Riner* [*v. Commonwealth*, 601 S.E.2d 555, 574 (Va. 2004)], Detective Manning's testimony concerning appellant's statement at the time of arrest was additional evidence supporting the trial court's conclusion that appellant committed the charged offenses. Thus, the trial court certainly did not err in finding that appellant

---

1. The complaining witness is less than 13 years of age . . . .

Va. Code Ann. 18.2-67.1(A) (West 2008).

[5] At the time of trial, Wilson was 23 years old. (Feb. 1, 2011 Tr. 11.)

"essentially . . . convicted himself out of his own mouth" with his statement to Detective Manning.

*Wilson v. Commonwealth*, No. 0640-11-1, at 2-3 (Va. Ct. App. Sept. 7, 2011).

After the conclusion of his direct appeal, Wilson filed a petition for a writ of habeas corpus with the Supreme Court of Virginia wherein he raised claims of ineffective assistance of counsel very similar to those pursued in his present § 2254 Petition. *See Wilson v. Warden of the Pocahontas State Corr. Ctr.*, No. 130043, at 1-3 (Va. June 4, 2013) (reciting claims). On June 4, 2013, the Supreme Court of Virginia dismissed the petition. *Id.* at 3.

## B. The Applicable Constraints upon Federal Habeas Corpus Review

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

## C. Alleged Ineffective Assistance of Counsel

To demonstrate ineffective assistance of counsel, a convicted defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, a convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

Each of Wilson's claims of ineffective assistance of counsel alleges a failure by counsel to present medical evidence or challenge the prosecution's medical evidence.

5

For example, in a portion of Claim One, Wilson faults counsel for failing to "challenge the medical evidence of [the] alleged victim." (§ 2254 Pet. 5.) The prosecution, however, presented no medical evidence with respect to victim. (*See* Feb. 1, 2011 Tr. 9-48.) Therefore, Wilson fails to demonstrate deficiency or prejudice to the extent he faults counsel for failing to challenge medical evidence presented by the prosecution.

The victim's mother testified that, after her daughter informed her of Wilson's sexual abuse, the police sent her and her daughter "[t]o Maryview Hospital for a SANE exam." (Feb. 1, 2011 Tr. 16.) Wilson attached a copy of the Sexual Assault Nurse Examiner ("SANE")[6] Report to his § 2254 Petition. (§ 2254 Pet. Attach. 23, 25–28.)[7] In an affidavit attached to his state habeas petition, Wilson states that trial counsel

> refused to present the results from the medical examination or to call any expert witness. I stated that the results would show that [the victim] had not been raped and in fact show that she had never been sexual[ly] active. I explain[ed] to her that if she had sexual intercourse at 11 years old that there would be evidence of some sort.
> I also was told that the medical report would not have made a difference in the case because of the time frame[ ] of the offense. The counsel told [me] that the test woundn't show nothing to help my cause. . . .

Petition for Writ of Habeas Corpus, Affidavit, at 1, *Wilson v. Warden of the Pocahontas State Corr. Ctr.*, No. 130043 (Va. filed Jan. 7, 2013) (paragraph number omitted).

In an attachment to his § 2254 Petition, Wilson elaborates on the expert medical testimony that he believes his counsel should have presented. (*See, e.g.*, § 2254 Pet.

---

[6] "A SANE nurse is a registered nurse that has special training to conduct sexual assault examinations on children and adults." *McCormick v. Parker*, 571 F. App'x. 683, 685 n.1 (10th Cir. 2014).

[7] Wilson apparently failed to attach a copy of the SANE exam to his state habeas petition. *See Wilson*, No. 130043, at 2

6

Attach. 9, 17.) Specifically, with respect to Claims One and Two, Wilson contends that counsel should have called Marion McDonald, the nurse who conducted the SANE exam of the victim approximately two to three years after the victim claimed Wilson raped her. (*Id.* at 17.) Wilson contends that Nurse McDonald could have testified that the victim "was still a virgin" at the time she conducted the examination of the victim. (*Id.*) As explained below, Wilson fails to demonstrate, as he must, that McDonald would provide testimony favorable to the defense. See *United States v. Terry*, 366 F.3d 312, 316 (4th Cir. 2004) (observing that where a petitioner faults counsel for not calling a witness, a petitioner must provide "concrete evidence of what [the witness] would have testified to in exculpation," so that the reviewing court can adequately assess the significance of the decision not to call the witness); *Bassette v. Thompson*, 915 F.2d 932, 941 (4th Cir. 1990) (dismissing claims where petitioner failed to make an adequate proffer of the testimony of omitted witnesses).

Not surprisingly, given that the rape occurred years prior to the examination, the SANE report states, "[n]o trauma noted," with respect to certain external portions of the victim's genitalia. (§ 2254 Pet. Attach. 25.) Contrary to Wilson's suggestion, the SANE Report fails to indicate the victim was a virgin. (*See id.* at 23, 25-28.) Indeed, the SANE Report reflects that Nurse McDonald observed a tear to the victim's "hymeneal tissue. (*Id.* at 25.) While not dispositive of the issue, such tears are often found to be "consistent with sexual penetration." *Mueller v. Murray*, 478 S.E.2d 542, 545 (Va. Ct. App. 1996); *see McCormick*, 571 F. App'x at 685. In light of the foregoing circumstances, Wilson fails to demonstrate that counsel acted deficiently or that he was prejudiced by the failure

7

to call Nurse McDonald as a witness. Accordingly, it is RECOMMENDED that Claims One and Two be DISMISSED.

In a related vein, in Claim Three, Wilson faults counsel for failing to present the SANE Report to the Circuit Court. (§ 2254 Pet. Attach. 18-19 (citing SANE Report).) As explained above, the SANE Report failed to contain evidence of any significant exculpatory value and contained the potentially damaging information regarding the trauma to the victim's hymen. Given these circumstances, counsel reasonably eschewed presenting the SANE Report to the Circuit Court. *See Moody v. Polk*, 408 F.3d 141, 152 (4th Cir. 2005) (observing counsel acted reasonably in failing to introduce evidence that "could have harmed rather than helped" his client). Accordingly, it is RECOMMENDED that Claim Three be DISMISSED because Wilson fails to demonstrate deficiency or prejudice.

In Claim Four, Wilson complains that, "[c]ounsel failed to show that the evidence was insufficient to support the charge based upon the expert medical report." (§ 2254 Pet. 10.) In the attachment to his § 2254 Petition, Wilson notes that "[t]he prosecutor presented no physical evidence of abuse." (§ 2254 Pet. Attach. 20.) Wilson then speculates that, "[h]aving a medical examiner testify to the results of the examination" might have produced some exculpatory evidence regarding whether the victim presented with physical signs consistent with sexual penetration of her vagina. (*Id.* at 20-21.) In rejecting this claim for failing to demonstrate deficiency or prejudice, the Supreme Court of Virginia stated:

> Petitioner fails to proffer the name of the medical expert he contends counsel should have consulted and fails to proffer an affidavit from any

8

medical expert to demonstrate the expert would have testified as petitioner alleges. The failure to proffer affidavits regarding the testimony witnesses would have offered is fatal.

*Wilson*, No. 130043, at 1-2 (citing *Muhammad v. Warden of Sussex I State Prison*, 646 S.E.2d 182, 195 (Va. 2007). The Supreme Court of Virginia's dismissal of this claim for failure to proffer any "concrete evidence" from a medical expert is eminently reasonable. *Terry*, 366 F.3d at 316; *see* 28 U.S.C. § 2254(d)(1)-(2). Accordingly, it is RECOMMENDED that Claim Four be DISMISSED because Wilson fails to demonstrate deficiency or prejudice.

Lastly, in Claim Five, Wilson contends that, "[c]ounsel failed to pursue every avenue of investigation open to her in not presenting the Certificate of Analysis and her decision not to do so denied Petitioner the [right to] counsel guaranteed him by the Sixth Amendment." (§ 2254 Pet. at 12.) Fatally, Wilson fails to identify or describe the Certificate of Analysis that he believes counsel should have presented.[8] *See Terry*, 366 F.3d at 316.

Wilson also appears to suggest that counsel should have utilized the SANE Report to impeach the victim's testimony regarding when the sexual abuse began. At trial, the victim testified that the sexual abuse began when she was eleven years old. (Feb. 1, 2011 Tr. 21-22.) In the SANE Report, dated "4/20/10," (§ 2254 Pet. Attach. 23), the victim stated that Wilson "has been having sex with her for about the last 7 years" (*id.*). Thus,

---

[8] To the extent that Wilson once again asserts that counsel acted deficiently by failing to utilize the SANE Report to demonstrate the victim had not been sexually penetrated, this assertion lacks merit for the reasons previously stated in rejecting Claims One through Four.

9

according to the SANE Report, the sexual abuse began sometime in 2003, when the victim was seven or eight years old. (*Id.*)

While the SANE Report had some limited impeachment value regarding when the abuse began, it would have opened the door for the consistent account of the abuse the victim provided in the SANE Report. Specifically, the victim's account in the SANE Report is consistent with her trial testimony regarding where the abuse occurred, and that the abuse involved fellatio, cunnilingus, and penetration of her vagina by Wilson's penis. (*Id.*) Given the foregoing information, Wilson fails to demonstrate a reasonable probability of a different result had counsel attempted to impeach the victim with information she provided to the SANE nurse. *Huffington v. Nuth*, 140 F.3d 572, 578 (4th Cir. 1998) (observing that "when evaluating prejudice a court may consider all aspects of the evidence proffered by the petitioner, including aspects both beneficial and detrimental to petitioner's case." (citing *Whitley v. Bair*, 802 F.2d 1487, 1493-96 (4th Cir. 1986))).

In an attachment to his § 2254 Petition, Wilson contends that a "psychological evaluation [was] performed on [the victim]." (§ 2254 Pet. Attach. 21.) Wilson vaguely suggests that counsel should have employed the psychological evaluation to impeach to the victim. (*Id.*) In his state habeas petition, Wilson elaborated that counsel performed deficiently "for failing to call as a witness at trial, for the purpose of impeaching the victim's credibility, the doctor who performed a psychological evaluation on the victim." *Wilson*, No. 130043, at 2-3. The Supreme Court of Virginia concluded that Wilson failed to demonstrate deficiency or prejudice because: "Petitioner fails to show he would have been permitted to subpoena the victim's doctor, and fails to proffer what the doctor's

10

testimony would have been, or that the doctor's testimony would have had any bearing on the victim's credibility." *Id.* at 3. Wilson fails to direct the Court to any law or evidence which demonstrates such a conclusion is incorrect, much less unreasonable. *See* 28 U.S.C. § 2254(d)(1)-(2); *Richardson v. Branker*, 668 F.3d 128, 141 (4th Cir. 2012) ("When a claim of ineffective assistance of counsel raised in a habeas corpus petition involves an issue unique to state law . . . a federal court should be especially deferential to a state post-conviction court's interpretation of its own state's law."); *Terry*, 366 F.3d at 316. Accordingly, it is RECOMMENDED that Claim Five be DISMISSED because Wilson fails to demonstrate deficiency or prejudice. It is further RECOMMENDED that the Court GRANT the Motion to Dismiss (ECF No. 15) and DISMISS the action.

Wilson is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. *See* Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the Report and Recommendation may result in the dismissal of his claims, and it may also preclude further review or appeal from such judgment. *See Carr v. Hutto*, 737 F.2d 433, 434 (4th Cir. 1984).

The Clerk is directed to send a copy of this Report and Recommendation to Wilson and counsel for Respondent.

/s/ 
Roderick C. Young
United States Magistrate Judge

Date: December 3, 2014
Richmond, Virginia